Filed 2/7/25  Lopez v. Solis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DAVID LOPEZ, | |
| Plaintiff and Respondent, | E083828 |
| v. | (Super.Ct.No. FLHE2300992) |
| SANJEL SOLIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Kristi Kirk, Judge. Affirmed.

Westover Law Group and Andrew L. Westover for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Sanjel Solis challenges an order awarding her retroactive child support, arguing that the trial court erred by not extending the award to an earlier date.  We affirm.

1

BACKGROUND

In March 2023, David Lopez filed a petition to determine the parentage of Solis's daughter, Sky S., who was born in 2011.  Lopez requested joint legal custody and visitation if he was found to be Sky's father.  Solis opposed the petition, contending that Lopez was not Sky's father.

According to the superior court docket, the trial court awarded Solis sole legal and physical custody of Sky on August 30, 2023, and ordered therapeutic contact between Sky and Lopez.  The record on appeal does not contain a reporter's transcript of that hearing.

In September 2023, Lopez signed Judicial Council Forms, form FL-235 (Advisement and Waiver of Rights Re:  Determination of Parental Relationship) and acknowledged:  "I understand that if I admit that I am the parent of the children in this action that those children will be my children for legal purposes," including child support.  He also acknowledged:  "I understand that I am admitting that I am the parent of the children named in the stipulation . . . ."

In February 2024, Solis filed a request for child support for Sky from Lopez in the child support guideline amount of $832 per month.  Solis requested that the court order the award retroactive under Family Code section 4009 to March 7, 2023, when Lopez filed the initial pleading in the action.  (Unlabeled statutory references are to the Family Code.)  Lopez did "not oppose paying California guideline child support to [Solis] retroactive to the date when the Request for Order was filed on February 1, 2024."

2

The court held a hearing on Solis's request for child support in April 2024. Lopez argued that it was disingenuous for Solis to request that child support be awarded retroactive to the date that he filed the petition to determine paternity, given that Solis challenged Lopez's paternity. Solis argued that section 4009 required the court to order the award retroactive to the date that Lopez initiated the proceeding.

The court found the child support order to be an original order of child support under section 4009 and ordered Lopez to pay Solis child support in the amount of $824 per month. The court ordered the award retroactive to August 30, 2023, because that was when Lopez's paternity was established.

DISCUSSION

Solis argues that the trial court erred by not awarding child support retroactive to the date that Lopez filed the petition to determine paternity. We are not persuaded.

Section 4009 provides: "An original order for child support may be made retroactive to the date of filing the petition, complaint, or other initial pleading. If the parent ordered to pay support was not served with the petition, complaint, or other initial pleading within 90 days after filing and the court finds that the parent was not intentionally evading service, the child support order shall be effective no earlier than the date of service." We independently review issues of statutory interpretation. (*In re Marriage of Cady & Gamick* (2024) 105 Cal.App.5th 379, 388.) "'Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and

3

commonsense meaning.'" (*Ibid.*) "If there is no ambiguity or uncertainty in the language, the Legislature is presumed to have meant what it said, and we need not resort to legislative history to determine the statute's true meaning." (*People v. Cochran* (2002) 28 Cal.4th 396, 400-401 (*Cochran*).) Instead, "'the plain meaning of the statute governs.'" (*In re Marriage of Barth* (2012) 210 Cal.App.4th 363, 373 (*Barth*).)

Solis's sole argument on appeal is that section 4009 requires that an original child support award "be made retroactive to the date of filing the petition, complaint, or other initial pleading." (§ 4009.) She contends that the argument is supported by the legislative history of amendments made effective January 1, 2020. (See Stats. 1999, ch. 653, § 8.) The argument lacks merit.

Section 4009 provides that an original award of child support "*may* be made retroactive to the date of filing the petition, complaint, or other initial pleading." (Italics added.) Section 12 specifies that the use of "'may'" in the Family Code "is permissive" while the use of "'[s]hall' is mandatory." The plain language of section 4009 thus allows the trial court to award child support retroactively "to the date of filing the petition, complaint, or other initial pleading" but does not require it to make the award retroactive to any of those dates. (§ 4009.) The interpretation is supported by the second sentence in section 4009, which provides that if the initial pleading is not served within 90 days and there is no evidence that the parent being ordered to pay child support intentionally evaded service, then the award of child support "shall be effective no earlier than the date of service." (*Ibid.*) "[N]o earlier than" means that the date of service operates as a limit

on the retroactivity of the award, and the court has discretion to make the award retroactive to a later date. (*Ibid.*) Solis does not explain why the Legislature would give the court discretion to set a later retroactivity date in the second sentence of section 4009 but eliminate such discretion in the first sentence, and we can think of no reason for such differential treatment. The more reasonable interpretation of the statute is that both sentences of section 4009 set a limit on retroactivity but give the court discretion to choose a later date. (See *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 ["the 'plain meaning' rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute"].)

Because the statutory language is clear and unambiguous, we presume that "'the Legislature meant what it said, and the plain meaning of the statute governs.'" (*Barth*, *supra*, 210 Cal.App.4th at p. 373.) We accordingly need not analyze the legislative history of the 2020 amendments in order to ascertain the Legislature's intent. (*Cochran*, *supra*, 28 Cal.4th at pp. 400-401; *Barth*, at p. 373.) Under the plain language of section 4009, the trial court was not required to award Solis child support retroactive to the date that Lopez petitioned for paternity.

For the foregoing reasons, we conclude that the trial court did not err by not awarding Solis child support retroactive to the date that Lopez initiated the proceeding.

DISPOSITION

The April 25, 2024, order awarding child support is affirmed.  Respondent shall recover his costs of appeal, if any.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

McKINSTER

Acting P. J.

RAPHAEL

J.